UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                  :
UNITED STATES OF AMERICA          :
                                  :    Crim. No. 17-183-2 (NLH)
        v.                        :
                                  :
SHAWN M. HARVEY                   :    OPINION
             Defendant            :
_____:
```

**APPEARANCES:**

FEDERAL PUBLIC DEFENDER'S OFFICE
By: Anita Aboagye-Agyeman, Esq.
800-840 Cooper Street, Suite 350
Camden, New Jersey 08102

    On behalf of Defendant Shawn M. Harvey

OFFICE OF THE UNITED STATES ATTORNEY
By: Sara A. Aliabadi, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101

    On behalf of the United States of America

**HILLMAN, United States District Judge**

    This matter comes before this Court upon Defendant Shawn M. Harvey's Supplemental Motion for Reduction of Sentence [Dkt. No. 152] and prior *pro se* Motions [Dkt. Nos. 149, 150], all pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant is an inmate serving a six-month sentence to be completed in September 2020.

He is currently being held at Federal Correctional Institution ("FCI") Coleman Low, a federal facility in Sumterville, Florida. In the instant motion, Defendant seeks immediate release to home confinement on the basis of an alleged chronic respiratory condition (i.e. asthma), which he contends puts him at a heightened risk for complications if he contracts COVID-19. For the reasons stated below, Defendant's motion will be denied.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2018, Defendant pleaded guilty to participating in a conspiracy with his father to transport and sell illegally-trafficked firearms. Defendant testified against his father at trial and received a substantial reduction in his sentence for that cooperation. On February 20, 2020, this Court sentenced Defendant to six months' imprisonment and two years of supervised release, including six months of home confinement, and consistent with the recommendation of this Court he was designated to FCI Coleman Low to serve out his sentence near his family in Florida.

On May 15, 2020, Defendant filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On May 26, 2020, Defendant filed an amended version of that motion. That same day, defense counsel entered her appearance on Defendant's behalf, and on June 16, 2020, filed a supplemental

2

motion, again seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

Defendant alleges that he suffers from asthma, which makes him particularly vulnerable to becoming seriously ill from COVID-19, and that he is more likely to contract COVID-19 while incarcerated at FCI Coleman Low.

## II.   LEGAL STANDARD

"The recently enacted First Step Act allows a defendant to be afforded compassionate release for 'extraordinary and compelling reasons.'" United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. April 24, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  A district court may only grant a motion for reduction of sentence under the First Step Act if such motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  Exhaustion of remedies is a statutory requirement which the court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

## III. DISCUSSION

As the nation continues to grapple with the COVID-19 pandemic, the Court considers Defendant's Motion and its underlying concerns with seriousness.  However, as the United States Court of Appeals for the Third Circuit has articulated, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant alleges that he has satisfied the exhaustion requirement by "submitt[ing] a request for reduction in sentence to the warden of his facility [FCI Coleman Low] on or about March 25, 2020" and receiving no response prior to the filing of his first motion.  Defendant does not specify by what channel he made this request, and has provided no supporting documentation of such a request.  The Government, for its part, represents that it contacted BOP and found no record of any such request from Defendant.

Because Defendant has failed to show that he has exhausted his administrative remedies, this Court may not consider the merits of his motion for sentence reduction at this time.[1]

**IV.  CONCLUSION**

For the foregoing reasons, Defendant's Supplemental Motion for Reduction of Sentence [Dkt. No. 152] and prior *pro se* Motions [Dkt. Nos. 149, 150], all pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), will be denied without prejudice.

An Order consistent with this Opinion shall issue on this date.

DATED: July 2, 2020                              s/ Noel L. Hillman

At Camden, New Jersey              _____
                                   NOEL L. HILLMAN, U.S.D.J.

---

[1] The record intimates that since Counsel appeared in this matter that additional steps toward exhaustion may have occurred.  This dismissal will be without prejudice and if Defendant does not receive administrative relief and has otherwise met the statutory exhaustion requirements he may resubmit his motion at that time.